THE WOOLSON SPICE COMPANY, Respondent, Appellant, *v.* COLUMBIA TRUST COMPANY, as Executor, etc., of HERMAN SIELCKEN, Deceased, Appellant, Respondent, Impleaded with THORLEIF S. B. NIELSEN, Defendant.

First Department, November 5, 1920.

Corporations — suit against officers under section 91-a of General Corporation Law — adequate remedy at law no defense — unrelated counterclaim should not be allowed — laches.

It is no defense to a suit in equity brought against officers of a corporation under section 91-a of the General Corporation Law to compel them to account, to allege that the plaintiff has an adequate remedy at law.

Officers of a corporation when sued in equity under section 91-a of the General Corporation Law should not be allowed to set up as a counterclaim matters wholly unrelated to the cause of action and which would tend to prejudice the plaintiff by unnecessarily complicating the issues. Such

claims unrelated to the action may be asserted by the defendant in an independent action.

Moreover the defendant was guilty of gross laches in making the motion for leave to plead a counterclaim.

CROSS-APPEALS by the defendant, Columbia Trust Company, as executor, etc., and by the plaintiff, The Woolson Spice Company, from parts of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of August, 1920, granting leave to the defendant, Columbia Trust Company, to serve a second amended answer by inserting certain denials therein and denying said defendant leave to plead a counterclaim.

Plaintiff appeals from so much of the order as grants leave to amend the second defense and defendant appeals from so much thereof as restricts its denials and as denies leave to plead the counterclaim.

Also an appeal by said defendant from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of August, 1920, denying defendant's motion for a resettlement of the previous order.

*Leonard B. Smith* of counsel [*Smith & Agate,* attorneys], for the defendant, appellant, respondent.

*Leon Lauterstein* of counsel [*Edmond E. Wise* with him on the brief], *Wise & Seligsberg,* attorneys, for the plaintiff, respondent, appellant.

PER CURIAM:

*German American Coffee Co.* v. *Diehl, No. 2* (86 Misc. Rep. 547; affd., 168 App. Div. 913, on opinion of PAGE, J., below), and *German American Coffee Co.* v. *O'Neil, No. 2* (168 App. Div. 913; affd., on opinion of PAGE, J., below in *Diehl Case, supra;* affd., 216 N. Y. 726) are ample authority for the proposition that the defense of an adequate remedy at law in an action brought under section 91-a of the General Corporation Law (as added by Laws of 1913, chap. 633) is bad. It follows that the denials sought to be incorporated in the defense proposed by the defendant are entirely futile.

With respect to the defendant's appeal from so much of the order as denied leave to plead the counterclaim, we are of opinion that the court exercised sound discretion in denying this motion, for the reasons that the counterclaim proposed refers to matters wholly unrelated to the cause of action set forth in the complaint and would tend to prejudice the plaintiff by unnecessarily complicating the issues. We are also of opinion that the defendant was guilty of gross laches in making this motion. In any event the defendant cannot be prejudiced since the right inheres to assert his claim in an independent action. The provision of the order appealed from, which granted the defendant leave to serve a second amended answer, is stricken out and the motion to serve a second amended answer is in all respects denied, and the order is modified as above indicated, and as modified affirmed, with ten dollars costs and disbursements to the plaintiff.

Present — CLARKE, P. J., DOWLING, SMITH, PAGE· and GREENBAUM, JJ.

Order modified as directed in opinion and as so modified affirmed, with ten dollars costs and disbursements to plaintiff. Settle order on notice.